## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MINOR S.L. | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| By next friend, | ) | |
| | ) | |
| RON LENDERMAN | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-02163 CEJ |
| | ) | |
| ST. LOUIS METROPOLITAN POLICE | ) | **JURY TRIAL DEMANDED** |
| DEPARTMENT BOARD OF POLICE | ) | |
| COMMISSIONERS: | ) | |
| | ) | |
| BETTYE BATTLE-TURNER, President | ) | |
| RICHARD GRAY, Vice President | ) | |
| MICHAEL L. GERDINE, Treasurer | ) | |
| HON. FRANCIS G. SLAY, Ex-Officio Member | ) | |
| | ) | |
| COL. DANIEL ISOM, Chief of Police | ) | |
| | ) | |
| COL. ANTOINETTE FILLA, DSN 0032 | ) | |
| | ) | |
| COL. REGGIE HARRIS, DSN 1526 | ) | |
| | ) | |
| LT. HENRIETTA ARNOLD, DSN 3492 | ) | |
| | ) | |
| SGT. LATHAN ISSHAWN-O'QUINN, DSN 4211 | ) | |
| | ) | |
| OFFICER SUSIE LORTHRIDGE, DSN 8796 | ) | |
| | ) | |
| **SERVE AT:** | ) | |
| ███████████████ | ) | |
| St. Louis, MO 63112 | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Minor S.L. ("Plaintiff"), and for Plaintiff's cause of action against the Defendants in this matter, states and informs the Court:

**Introduction**

1.      This is a Complaint for damages arising out of incidents that occurred in St. Louis County, Missouri and the City of St. Louis, Missouri between and including July 3, 2010 and September 7, 2010, in which Plaintiff was arrested, booked, searched, and jailed without cause; and was pressured to provide false information to the Internal Affairs Division of the St. Louis Metropolitan Police Department; and was beaten severely after refusing to provide false information to the Internal Affairs Division of the St. Louis Metropolitan Police Department. The unlawful arrest, search, seizure, and detention of Plaintiff, the pressure to provide false information, and the beating suffered by Plaintiff thus deprived Plaintiff of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as under Missouri law.

**Jurisdiction, Venue and Cause of Action**

2.      This Court has jurisdiction under 28 U.S.C. 1331, 28 U.S.C. 1343(a)(1), 28 U.S.C. 1343(a)(2), and 28 U.S.C. 1343(a)(3).   This Court has supplemental jurisdiction of Plaintiff's claims under Missouri law based on 28 U.S.C. 1367 inasmuch as the state law claims are so related to the federal claims that they form part of the same case and controversy under Article III of the United States Constitution.

3.      This action is brought pursuant to 42 U.S.C. 1983 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

4.      The relevant acts occurred in St. Louis County, Missouri, and the City of St. Louis, Missouri, therefore under 28 U.S.C. 1391(b)(2), venue is proper in this Court.

**Parties**

5.      Plaintiff, a minor at the time of the incidents alleged herein, is and was a citizen of the United States and the State of Missouri during the relevant time.

6.      Plaintiff was arrested on July 3, 2010, in St. Louis County, Missouri, without cause; was booked, jailed, and searched on multiple occasions in the City of St. Louis, Missouri on July 3, 2010; was subsequently pressured to provide false information to the Internal Affairs Division of the St. Louis Metropolitan Police Department; and, after refusing to provide false information to the Internal Affairs Division, was beaten by the son of Defendant Arnold in St. Louis County, Missouri on September 7, 2010.

7.      Defendants Bettye Battle-Turner, Richard Gray, Michael L. Gerdine, and the Honorable Francis G. Slay were members of the St. Louis Metropolitan Police Department Board of Police Commissioners at all times relevant to this action.  Defendants Battle-Turner, Gray, Gerdine, and Slay are citizens of the United States and of the State of Missouri. Defendants Battle-Turner, Gray, Gerdine, and Slay are residents of St. Louis, Missouri, in the Eastern District of Missouri.  Defendants Battle-Turner, Gray, Gerdine, and Slay were, at times relevant to this action, members of the local governmental body charged by the State of Missouri with administering and overseeing the St. Louis Metropolitan Police Department, including the supervising, disciplining, and dismissing of individual police officers.  Said defendants at all times referred to herein acted under color of law.

8.      Defendants Battle-Turner, Gray, Gerdine, and Slay are sued in their official capacities as members of the St. Louis Metropolitan Police Department Board of Police Commissioners.

9.      Defendant Daniel Isom is the Chief of Police of the City of St. Louis.  Defendant Isom is a citizen of the United States and of the State of Missouri.  Defendant Isom is a resident of St. Louis, Missouri, in the Eastern District of Missouri.  Defendant Isom was, at all times relevant to this action, the highest ranking police officer in the City of St. Louis, charged with administering the police force, including the supervising, disciplining, and dismissing of individual police officers, as well as deciding which tasks police officers should perform.

10.     Defendant Isom is sued in his official capacity as the Chief of Police of the City of St. Louis.

11.     Defendant Antoinette Filla is a colonel for the St. Louis Metropolitan Police Department.  Defendant Filla is a citizen of the United States and of the State of Missouri. Defendant Filla is a resident of St. Louis, Missouri, in the Eastern District of Missouri. Defendant Filla was, at all times relevant to this action, responsible for overseeing all uniformed personnel within the St. Louis Metropolitan Police Department, including the supervising, disciplining and dismissing of individual police officers, as well as deciding which tasks police officers should perform.

12.     Defendant Filla was, at all times relevant to this action, an employee of the St. Louis Metropolitan Police Department, acting in such capacity as an agent and servant of the St. Louis Metropolitan Police Department, acting under the control of the St. Louis Metropolitan Police Department Board of Police Commissioners and Chief of Police, and acting pursuant to official policy, custom, and/or practice of the St. Louis Metropolitan Police Department.

13.     Defendant Filla is sued in her official capacity as a colonel for the St. Louis Metropolitan Police Department.

14.     Defendant Reggie Harris is a colonel for the St. Louis Metropolitan Police Department.  Defendant Harris is a citizen of the United States and of the State of Missouri. Defendant Harris is a resident of St. Louis, Missouri, in the Eastern District of Missouri. Defendant Harris was, at all times relevant to this action, responsible for overseeing the Internal Affairs Division, including the disciplining and dismissing of individual police officers.

15.     Defendant Harris was, at all times relevant to this action, an employee of the St. Louis Metropolitan Police Department, acting in such capacity as an agent and servant of the St. Louis Metropolitan Police Department, acting under the control of the St. Louis Metropolitan Police Department Board of Police Commissioners and Chief of Police, and acting pursuant to official policy, custom, and/or practice of the St. Louis Metropolitan Police Department.

16.     Defendant Harris is sued in his official capacity as a colonel for the St. Louis Metropolitan Police Department, and also in his individual capacity.

17.     Defendant Henrietta Arnold is a lieutenant for the St. Louis Metropolitan Police Department.  Defendant Arnold is a citizen of the United States and of the State of Missouri. Defendant Arnold is a resident of St. Louis County, Missouri, in the Eastern District of Missouri. Defendant Arnold was, at all times relevant to this action, a lieutenant for the St. Louis Metropolitan Police Department.

18.     Defendant Arnold was, at all times relevant to this action, an employee of the St. Louis Metropolitan Police Department, acting in such capacity as an agent and servant of the St. Louis Metropolitan Police Department, acting under color of law and acting under the control of the St. Louis Metropolitan Police Department Board of Police Commissioners and Chief of

Police, and acting pursuant to official policy, custom, and/or practice of the St. Louis Metropolitan Police Department.

19.     Defendant Arnold is sued in her official capacity as a lieutenant for the St. Louis Metropolitan Police Department, and also in her individual capacity.

20.     Defendant Lathan Isshawn-O'Quinn is a sergeant for the St. Louis Metropolitan Police Department.  Defendant Isshawn-O'Quinn is a citizen of the United States and of the State of Missouri.  Defendant Isshawn-O'Quinn is a resident of St. Louis County, Missouri, in the Eastern District of Missouri.  Defendant Isshawn-O'Quinn was, at all times relevant to this action, a sergeant for the St. Louis Metropolitan Police Department.

21.     Defendant Isshawn-O'Quinn was, at all times relevant to this action, an employee of the St. Louis Metropolitan Police Department, acting in such capacity as an agent and servant of the St. Louis Metropolitan Police Department, acting under color of law and acting under the control of the St. Louis Metropolitan Police Department Board of Police Commissioners and Chief of Police, and acting pursuant to official policy, custom, and/or practice of the St. Louis Metropolitan Police Department.

22.     Defendant Isshawn-O'Quinn is sued in his official capacity as a sergeant for the St. Louis Metropolitan Police Department, and also in his individual capacity.

23.     Defendant Susie Lorthridge is a police officer for the St. Louis Metropolitan Police Department.  Defendant Lorthridge is a citizen of the United States and of the State of Missouri.  Defendant Lorthridge is a resident of St. Louis County, Missouri, within the Eastern District of Missouri.  Defendant Lorthridge was, at all times relevant to this action, a police officer for the St. Louis Metropolitan Police Department.

24.     Defendant Lorthridge was, at all times relevant to this action, an employee of the St. Louis Metropolitan Police Department, acting in such capacity as an agent and servant of the St. Louis Metropolitan Police Department, acting under color of law and acting under the control of the St. Louis Metropolitan Police Department Board of Police Commissioners and Chief of Police, and acting pursuant to official policy, custom, and/or practice of the St. Louis Metropolitan Police Department.

25.     Defendant Lorthridge is sued in her official capacity as a police officer for the St. Louis Metropolitan Police Department, and also in her individual capacity.

## FACTS AND APPLICABLE LAW

26.     At relevant times, the Defendants acted willfully, maliciously, and with deliberate indifference to deprive Plaintiff of Plaintiff's liberty and constitutionally safeguarded civil rights.

27.     Defendants St. Louis Metropolitan Police Department Board of Police Commissioners, Isom, Filla, and Harris's failure to provide sufficient supervision and discipline of its police officers, specifically said officers' use of pre-textual arrests, unlawful searches and seizures, detentions, false reporting, and pressure to provide false information, is unconstitutional, and their deliberate indifference to, and willful tolerance of, such practices and customs represents deliberate indifference to the rights of persons with whom the City of St. Louis' officers come into contact.  Specifically, Defendants St. Louis Metropolitan Police Department Board of Police Commissioners, Isom, Filla, and Harris's failure to timely supervise and discipline Defendants Arnold, Isshawn-O'Quinn, and Lorthridge both before and after the false and unlawful arrest of Plaintiff on July 3, 2010 represents deliberate indifference to the rights of Plaintiff.  In addition, Defendant St. Louis Metropolitan Police Department Board of Police Commissioners delegated its policymaking authority, in whole or in part, to Defendants

Isom and Defendant Harris, each acting under color of state law.  Defendants St. Louis Metropolitan Police Department Board of Police Commissioners, Isom, Filla, and Harris are therefore liable for the unconstitutional actions of Defendants Arnold, Isshawn-O'Quinn, and Lorthridge by failing to properly supervise and discipline, and by deliberate indifference and willful blindness to the unlawful customs above-described, and by improperly delegating its authority to Defendant Isom and Defendant Harris.  If Defendants St. Louis Metropolitan Police Department Board of Police Commissioners, Isom, Filla, and Harris had provided proper supervision and discipline to Defendants Arnold, Isshawn-O'Quinn, and Lorthridge, or prevented the longstanding customs above-described, or not improperly delegated its authority to Defendant Isom and Defendant Harris, Plaintiff's federal and state constitutional rights would not have been violated.

28.     The actions of the Defendants described herein violated the following rights of Plaintiff:  the right to be free of the use of excessive force by police officers, the right to be free from unreasonable search and seizure, the right to be free from unreasonable arrest, the right to due process of law, the right to property, and the right to be free of threats by police officers, all of which are rights secured by the Fourth Amendment.  The Defendants described herein also violated Plaintiff's rights to due process, property, equal protection under the law, and equal justice, all of which are rights secured by the Fourteenth Amendment.  All of these rights are also secured by the Civil Rights Act, 42 U.S.C. 1983.

29.     This action is brought under 42 U.S.C. 1983 to remedy deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution and under Article I, sections 2, 10 and 15 of the Missouri Constitution which secure those same rights.

30.     Beginning on or about July 3, 2010 and continuing until on or about September 7, 2010, acting under color of state law, the Defendants deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, and the Constitution and laws of the State of Missouri, as follows:

**Background**

31.     Riverway Development, LLC was a business located near the intersection of Riverview Drive and Spring Garden Drive in the City of St. Louis before July 3, 2010, but was not in operation as of July 3, 2010.

32.     The residence of Defendant Arnold and her son, at which Plaintiff was arrested on July 3, 2010, was located at 7XX Lookaway Court, Riverview, Missouri, which is located within St. Louis County, Missouri.

33.     Prior to the unlawful arrest on July 3, 2010, Defendant Arnold was involved in a vehicle accident during normal working hours while shopping in St. Louis County, Missouri, and improperly using a St. Louis Metropolitan Police Department vehicle.

**Pre-Textual Arrest at 7XX Lookaway Court**

34.     On July 3, 2010, Defendants Arnold and Lorthridge, acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the laws of the United States as well as Missouri law, as more particularly described herein.

35.     On July 3, 2010, Plaintiff was present at the residence located at 7XX Lookaway Court as an invited guest of the son of Defendant Arnold.

36.     While Defendant Arnold's son and Plaintiff were present at the residence located at 7XX Lookaway Court on July 3, 2010, Defendants Arnold and Lorthridge arrived at the residence, located in St. Louis County, Missouri, while on duty.

37.     Defendants Arnold and Lorthridge placed Plaintiff under arrest for Trespassing on Private Property, despite Plaintiff's lawful presence at the residence.

38.     Despite the fact that Plaintiff's arrest occurred in St. Louis County, Missouri, Plaintiff was transported to the North Patrol Division office of the St. Louis Metropolitan Police Department for processing.

39.     Plaintiff was handcuffed and transported in police custody by Defendant Lorthridge and another officer from North Patrol Division to the St. Louis Justice Center, located at 200 South Tucker Boulevard, St. Louis, Missouri, where Plaintiff was jailed and searched.

40.     In an attempt to conceal their unlawful conduct, Defendants Arnold and Lorthridge prepared, and Defendant Isshawn-O'Quinn approved, a false Incident Report.  This Incident Report included the following false assertions:

(a)     The Incident Report described the Incident Location as "Riverview Dr / Spring Garden Dr St Louis City MO 63137."  In truth and fact, no event occurred at that location.

(b)     The Incident Report listed the Incident Location Name as "Riverview Development."  In truth and fact, Riverview Development, LLC was not in operation as of July 3, 2010;

(c)     The Incident Report listed the Type of Incident (Offense) as "Trespassing on Private Property."  In truth and fact, Plaintiff was an invited guest, and the alleged

Incident Location—the intersection of Riverview Drive and Spring Garden Drive—is not private property;

(d)     The Incident Report listed the victim as Riverway Development, LLC.  In truth and fact, Riverway Development, LLC was not in operation as of July 3, 2010;

(e)     The Incident Report listed as a witness Richard Delaney, with a home address and telephone number in Fulsom, California, as an employee of Riverway Development, LLC.  In truth and fact, Richard Delaney was not employed by Riverway Development, LLC and was not in the State of Missouri on July 3, 2010;

(f)     The Incident Report listed the Suspect/Offender's telephone number with one incorrect digit, making subsequent contact of Plaintiff by other law enforcement officials more difficult;

(g)     The Incident Report stated in the Charge Information section that the incident occurred in the City of St. Louis.  In truth and fact, Plaintiff was arrested in St. Louis County, Missouri.

(h)     The narrative portion of the Incident Report claimed that Defendant Lorthridge observed Plaintiff in "this location" (the intersection of Riverview Drive and Spring Garden Drive in the City of St. Louis) and that Plaintiff was "extremely unkept [sic], as she was not wearing shoes."  In truth and fact, Plaintiff was not located in the City of St. Louis, nor was she unkempt and shoeless;

(i)     The narrative portion of the Incident Report stated that "No Trespassing" signs were posted visibly in and around the location.  In truth and fact, such signs were not posted at this location;

(j)      The narrative portion of the Incident Report stated that Plaintiff told Defendant Lorthridge that Plaintiff had been told several times to stay off the property. In truth and fact, Plaintiff did not make this statement, as she had never been on the property of Riverway Development, LLC, and had never been told to stay off this property;

(k)      The Incident Report omits the only non-law enforcement witness to the events described therein, the son of Defendant Arnold; and

(l)      After unsuccessful attempts to have sergeant(s) in the Sixth District approve the Incident Report—where the July 3, 2010 arrest allegedly occurred—the Incident Report was approved by Defendant Isshawn-O'Quinn of the Eighth District, where he serves under Defendant Arnold's command, which is contrary to normal police procedure.  Defendant Isshawn-O'Quinn was aware of the false nature of the Incident Report.

41.     The Incident Report provided City Court appearance information as Court Number 3 with a date of September 1, 2010.

42.     Following the arrest of Plaintiff on July 3, 2010, Defendant Lorthridge contacted relatives of Plaintiff by telephone in St. Louis County, Missouri and left vulgar and intimidating telephone messages.

43.     Between approximately July 3, 2010 and August 12, 2010, Defendants Isom, Filla, and Harris were made aware of the false arrest of Plaintiff yet failed to take appropriate disciplinary actions in a timely manner against Defendants Arnold, Isshawn-O'Quinn, and Lorthridge.

44.     In particular, Defendant Filla learned of the conduct of Defendants Arnold, Isshawn-O'Quinn and Lorthridge and knowingly allowed the matter to be assigned the Internal Affairs Division rather than immediately suspend these officers, as did Defendants Harris and Isom.  Defendants Isom, Filla, and Harris also failed to notify the St. Louis Metropolitan Police Department Board of Police Commissioners of the false arrest, a failure that is consistent with the insulating barrier created by the St. Louis Metropolitan Police Department Board of Police Commissioners as it turns a "blind eye" towards matters under investigation by the Internal Affairs Division.

45.     On August 12, 2010, Plaintiff was interviewed by representatives of the Internal Affairs Division of the St. Louis Metropolitan Police Department.  Plaintiff provided accurate information, including the fact that Plaintiff was arrested in St. Louis County, Missouri—not the City of St. Louis—and that Plaintiff was an invited guest of the son of Defendant Arnold.

46.     Subsequently, Plaintiff was warned on several occasions "change your story" to attest to the veracity of the Incident Report, despite the fact that the Incident Report was false.

47.     On September 7, 2010, as a result of Defendants' misconduct and after refusing to change the statement Plaintiff made to the Internal Affairs Division, Plaintiff was brutally beaten.  The physical injuries to Plaintiff resulting from this beating include, among other things, a punctured lung, air around the heart, and multiple bruises, including bruises around the neck due to choking, as well as severe emotional distress.

**COUNT I**
**VIOLATION OF 42 U.S.C. 1983:  UNREASONABLE SEARCH AND SEIZURE**
**(Defendants Lt. Henrietta Arnold, Officer Susie Lorthridge, and Sgt. Isshawn-O'Quinn)**

48.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 47 above and the statements contained in each of the Counts of this Complaint.

49.     Defendants Arnold, Lorthridge, and Isshawn-O'Quinn, each acting alone and together in concert, subjected Plaintiff to an unlawful and unjustified search and seizure of Plaintiff's person in violation of the Fourth and Fourteenth Amendments to the United States Constitution by the following acts:

(a)     Placing Plaintiff under arrest without probable cause or reasonable suspicion of illegal conduct;

(b)     Transporting Plaintiff in police custody to North Patrol Division;

(c)     Transporting Plaintiff in police custody to the St. Louis Justice Center, located at 200 South Tucker Boulevard, St. Louis, Missouri;

(d)     Depositing Plaintiff in the St. Louis Justice Center, 200 South Tucker Boulevard, knowing full well the regular practice, policy, and procedure of the St. Louis Justice Center is to conduct thorough searches of inmates upon intake;

(e)     Causing Plaintiff to be subjected to a search without warrant, probable cause, reasonable suspicion, or any other justification; and

(f)     Creating and approving a false Incident Report that allowed the seizure to be perpetuated and go undetected;

50.     The search and seizure suffered by Plaintiff was illegal and unreasonable, and thus deprived Plaintiff's civil right pursuant to 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

51.     At the time of the events described in this Complaint, Defendants Arnold, Lorthridge, and Isshawn-O'Quinn acted under color of state law.

52.     Defendants Arnold, Lorthridge, and Isshawn-O'Quinn's acts were reprehensible and were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

**COUNT II**
**VIOLATION OF 42 U.S.C. 1983:  FAILURE TO TRAIN, INSTRUCT, SUPERVISE, CONTROL, AND DISCIPLINE**
**(Defendant St. Louis Metropolitan Police Department Board of Police Commissioners: Bettye Battle-Turner, President; Richard Gray, Vice President; Michael Gerdine, Treasurer; and Hon. Francis Slay, Ex-Officio Member;)**

53.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 52 above and the statements contained in each of the Counts of this Complaint.

54.     Defendants Battle-Turner, Gray, Gerdine, and Slay failed to train, instruct, supervise, control, and discipline Defendants Arnold, Isshawn-O'Quinn, and Lorthridge, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

55.     There exists within the St. Louis Metropolitan Police Department policies and customs, practices, and usages that are so pervasive that they constitute the policy of the department, policies and customs that caused the constitutional deprivations of Plaintiff as has been more fully set forth herein.

56.     Some examples of such policies, customs, practices, and usages, by way of inclusion but not limitation, are:

(a)     To unlawfully arrest and detain citizens;

(b)     To act individually and to conspire with others to prevent the truth about false arrests or other transgressions of other officers from being known by lying in official reports or otherwise approving such reports and failing to report such transgressions;

(c)     To fail to adequately and properly receive citizen complaints of, thereafter investigate and thereafter discipline, re-train, or otherwise sanction and/or remedy the transgressions of the officers of the St. Louis Metropolitan Police Department. This failure is manifested by the failure of the Internal Affairs Division of the St. Louis Metropolitan Police Department to invite and welcome complaints of citizens against officers, to accurately categorize such complaints and record them, to fully investigate complaints and find potential violations of policy, the law, or the Constitution, and to thereafter discipline, re-train, or increase supervision of officers who are in violation;

(d)     Failure to adopt and maintain an effective early warning system designed to identify repeatedly deviant officers and then act to address and correct the deviance;

(e)     Failure to adopt independent investigation and review of citizen complaints;

(f)     Failure to train officers as to their proper responsibility to act lawfully regardless of whether ordered to act unlawfully by a superior officer; and

(g)     Failure to prohibit contact between subjects of Internal Affairs investigations from contacting the aggrieved parties and other witnesses.

57.     Defendant St. Louis Metropolitan Police Department Board of Police Commissioners, comprised of Defendants Battle-Turner, Gray, Gerdine, and Slay, is the lawfully designated policymaking body for the St. Louis Metropolitan Police Department and has the power and responsibility to prevent the existence of customs, policies, and practices that result in the violation of citizens' civil rights, including but not limited to unlawfully arresting and detaining citizens and conspiring to hide the truth about such false arrests.

58.     Defendants Battle-Turner, Gray, Gerdine, and Slay have significantly delegated their policymaking authority to personnel of the Internal Affairs Division, including but not limited to Defendant Isom and Defendant Harris, insofar as Defendant Isom is responsible to properly train the Saint Louis Metropolitan Police Department officers and Defendants Isom and Harris are responsible for overseeing the Internal Affairs Division.  As such, Defendants Battle-Turner, Gray, Gerdine, and Slay have created and implemented a policy in which they have effectively and almost completely turned over their duty to supervise, resulting in the insulating barrier created by the St. Louis Metropolitan Police Department Board of Police Commissioners as it turns a "blind eye" towards matters under investigation by the Internal Affairs Division, as discussed by Hon. Judge E. Richard Webber in a Memorandum and Order issued on October 23, 2008, an insulating barrier that prevents numerous false arrests and other transgressions from ever being reported to Defendants Battle-Turner, Gray, Gerdine, and Slay.  Specifically, Defendant Isom and Defendant Harris may determine punishment for the actions or inactions of Saint Louis Metropolitan Police Department officers to be below a threshold amount, which prevents these officers' actions or inactions from ever being reported to Defendants Battle-Turner, Gray, Gerdine, and Slay regardless of the underlying conduct of these officers.

59.     In their delegation of policymaking authority and other actions and inactions, Defendants Battle-Turner, Gray, Gerdine, and Slay intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of constitutional violation of which they knew or should have known, and Defendants Battle-Turner, Gray, Gerdine, and Slay, along with Defendants Isom and Harris, ratified the misconduct of Defendants Arnold, Lorthridge, and O'Quinn as well as the customs, policies, and practices that proximately resulted in the violation of Plaintiff's civil rights.

60.     Defendants Battle-Turner, Gray, Gerdine, and Slay knew or were deliberately indifferent to the practice and custom of unlawful arrests, false reporting, and conspiracies to cover up such conduct but failed to act to prevent such conduct.

61.     In their failure to prevent such conduct, Defendants Battle-Turner, Gray, Gerdine, and Slay intentionally disregarded known facts or alternatively were deliberately indifferent to a risk of the constitutional violation.

62.     As a direct and proximate result of the policies, customs, practices, and usages of St. Louis Metropolitan Police Department Board of Police Commissioners, Plaintiff suffered the constitutional deprivations discussed herein.

63.     Plaintiff is entitled to her attorneys' fees and costs under 42 U.S.C. §1988.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

**COUNT III**
**VIOLATION OF 42 U.S.C. 1983:  FAILURE TO SUPERVISE AND DISCIPLINE**
**(Defendants St. Louis Metropolitan Police Department Board of Police Commissioners:**
**Bettye Battle-Turner, President; Richard Gray, Vice President; Michael Gerdine,**
**Treasurer; and Hon. Francis Slay, Ex-Officio Member; Police Chief Col. Daniel Isom;**
**Col. Antoinette Filla; and Col. Reggie Harris)**

64.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 63 above and the statements contained in each of the Counts of this Complaint.

65.     Defendants Battle-Turner, Gray, Gerdine, Slay, Isom, Filla, and Harris failed to supervise and timely discipline Defendants Arnold, Isshawn-O'Quinn, and Lorthridge, in violation of the Fourth and Fourteenth Amendments to the United States Constitution:

(a)     Plaintiff was interviewed by the Internal Affairs Division of the St. Louis Metropolitan Police Department on August 12, 2010;

(b)     Between approximately July 3, 2010 and August 12, 2010, Defendants Isom, Filla, and Harris were made aware of the false arrest of Plaintiff yet failed to take appropriate disciplinary actions in a timely manner against Defendants Arnold, Isshawn-O'Quinn, and Lorthridge.

(c)     Defendants Isom, Filla, and Harris also failed to notify the St. Louis Metropolitan Police Department Board of Police Commissioners of the false arrest, a failure that is consistent with the insulating barrier created by the St. Louis Metropolitan Police Department Board of Police Commissioners as it turns a "blind eye" towards matters under investigation by the Internal Affairs Division, as discussed by Hon. Judge E. Richard Webber in a Memorandum and Order issued on October 23, 2008, including but not limited to improper delegation of authority by the St. Louis Metropolitan Police Department Board of Police Commissioners to Defendants Isom, Filla, and Harris and all these defendants' ratification of Defendants Arnold, Lorthridge, and Isshawn-O'Quinn's actions, and these failures proximately caused damages to Plaintiff.

(d)     No appropriate disciplinary actions were taken against Defendants Arnold, Isshawn-O'Quinn, and Lorthridge before September 7, 2010, the date Plaintiff was battered by the son of Defendant Arnold;

(e)     On several occasions between August 12, 2010 and September 7, 2010, the son of Defendant Arnold attempted to persuade Plaintiff to retract or change the statements made by Plaintiff to the Internal Affairs Division, demonstrating the son was aware of the statements made by Plaintiff to the Internal Affairs Division and was acting as an agent of Defendant Arnold, and the son attempted to persuade Plaintiff to provide the false testimony that Plaintiff was located in the City of St. Louis when arrested and not St. Louis County; and

(f)     As a proximate result of this failure to supervise and discipline Defendants Arnold, Isshawn-O'Quinn, and Lorthridge, Plaintiff suffered a severe beating by Defendant Arnold's son on September 7, 2010 that resulted in four days of hospitalization, a punctured lung, air around the heart, and multiple bruises, as well as severe emotional distress.

66.     At the time of the events described in this Complaint, Defendants Battle-Turner, Gray, Gerdine, Slay, Isom, Filla, and Harris acted under color of state law.

67.     Regardless of actual or constructive notice to Defendants Battle-Turner, Gray, Gerdine, Slay, Isom, Filla, and Harris, it is patently obvious that violation of such known and established constitutionally protected rights may result when a subject of an Internal Affairs investigation is allowed to contact and pressure a witness.  The failure to properly institute policies and procedures to prevent such witness tampering and to properly oversee the internal affairs investigation proximately caused Plaintiff's injuries, including a punctured lung, air around the heart, and multiple bruises, as well as severe emotional distress.

68.     Defendants Battle-Turner, Gray, Gerdine, Slay, Isom, Filla, and Harris's acts were reprehensible and were carried out willfully, wantonly, maliciously, and with such reckless

disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

69.     Plaintiff is entitled to her attorneys' fees and costs under 42 U.S.C. §1988.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

**COUNT IV**
**VIOLATION OF 42 U.S.C. 1983:  CONSPIRACY**
**(Defendants Lt. Henrietta Arnold, Officer Susie Lorthridge,**
**Sgt. Isshawn-O'Quinn, and Col. Reggie Harris)**

70.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 69 above and the statements contained in each of the Counts of this Complaint.

71.     Defendants Arnold, Lorthridge, Isshawn-O'Quinn, and Harris, acting in their individual capacities and under color of law, conspired together and with others, including the son of Defendant Arnold, and reached a mutual understanding to undertake a course of conduct that violated Plaintiff's civil rights.   In furtherance of this conspiracy, Defendants Arnold, Lorthridge, Isshawn-O'Quinn, and Harris committed the following overt acts:

(a)     Defendants Arnold and Lorthridge unlawfully arrested or caused the arrest and detention of Plaintiff;

(b)     Defendant Isshawn-O'Quinn approved a false report prepared by Defendant Lorthridge and otherwise failed to prevent the false arrest of Plaintiff, which amounts to authorization and approval of the unlawful arrest and detention;

(c)     Defendants Arnold, Lorthridge, and Isshawn-O'Quinn agreed to support the veracity of the Incident Report despite their knowledge of its falsity;

(d)     Defendants Arnold, Lorthridge, and Isshawn-O'Quinn refused to report the unlawful arrest, false Incident Report, and other misconduct to the Internal Affairs Division or to other supervisory or command personnel within the St. Louis Metropolitan Police Department;

(e)     In an attempt to protect Defendant Arnold, Defendant Harris improperly leaked information gathered during the Internal Affairs investigation, including statements made by Plaintiff;

(f)     Defendant Arnold pressured Plaintiff to change her story in an effort to protect those involved in the conspiracy; and

(g)     Defendant Arnold's son beat Plaintiff, a beating so severe that it resulted in four days of hospitalization, a punctured lung, air around the heart, and multiple bruises, as well as severe emotional distress.

72.     Defendants Arnold, Lorthridge, Isshawn-O'Quinn, and Harris shared the general conspiratorial objective to violate Plaintiff's civil rights by unlawfully seizing her person, detaining her, and creating a false police report to cover up the unlawful arrest and detention.

73.     As a direct and proximate result of the conspiracy between Defendants Arnold, Lorthridge, Isshawn-O'Quinn and Harris, and others including the son of Defendant Arnold, Plaintiff was deprived her rights under the Fourth and Fourteenth Amendments to the United States Constitution.

74.     Defendants Arnold, Lorthridge, Isshawn-O'Quinn, and Harris' acts were reprehensible and were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

75.     Plaintiff is entitled to her attorneys' fees and costs under 42 U.S.C. §1988.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

### COUNT V
### STATE LAW CLAIM:  FALSE IMPRISONMENT
**(Defendants Lt. Henrietta Arnold and Officer Susie Lorthridge)**

76.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 75 above and the statements contained in each of the Counts of this Complaint.

77.     Defendants Arnold and Lorthridge subjected Plaintiff to unlawful false imprisonment by detaining Plaintiff against Plaintiff's will and without legal justification.

78.     The false imprisonment suffered by Plaintiff occurred during an illegal search and seizure and was without legal justification.

79.     Defendants Arnold and Lorthridge's acts were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

**COUNT VI**
**STATE LAW CLAIM:  BATTERY**
**(Defendants Lt. Henrietta Arnold and Officer Susie Lorthridge)**

80.     Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 79 above and the statements contained in each of the Counts of this Complaint.

81.     Defendants Arnold and Lorthridge subjected Plaintiff to an unlawful battery pursuant to Missouri Law by the following acts:

(a)     Placing Plaintiff under arrest without probable cause on July 3, 2010;

(b)     Transporting Plaintiff in police custody to the St. Louis Justice Center and depositing Plaintiff with jail officials, knowing full well it was the policy, procedure, and practice of jail officials to conduct a thorough search of Plaintiff; and therefore

(c)     Causing said unlawful search of Plaintiff on multiple occasions on July 3, 2010.

82.     The battery suffered by Plaintiff occurred during an illegal search and seizure and was not legally justified.

83.     Defendants Arnold and Lorthridge's acts were carried out willfully, wantonly, maliciously and with such reckless disregard for the consequences as to demonstrate a conscious and deliberate indifference to the rights of Plaintiff.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)      Reasonable attorney's fees and costs; and

(d)      Such other relief as the Court may find just and proper.

## COUNT VII
## STATE LAW CLAIM:  BATTERY
### (Defendants Lt. Henrietta Arnold and Officer Susie Lorthridge)

84.      Plaintiff incorporates by reference the statements contained in Paragraphs 1 through 83 above and the statements contained in each of the Counts of this Complaint.

85.      Defendants Arnold and Lorthridge subjected Plaintiff to an unlawful battery pursuant to Missouri Law by the following acts:

(a)      Defendants Arnold and Lorthridge subjected Plaintiff to false arrest, false imprisonment, unlawful search and seizure, and battery on July 3, 2010;

(b)      Plaintiff was interviewed by the Internal Affairs Division of the St. Louis Metropolitan Police Department on August 12, 2010; and

(c)      During this interview, Plaintiff informed the St. Louis Metropolitan Police Department of the unlawful arrest, false imprisonment, unlawful search and seizure, and battery.

86.      No disciplinary actions were taken against Defendants Arnold and Lorthridge before September 7, 2010, the date Plaintiff was battered by the son of Defendant Arnold.

87.      Sometime between August 12, 2010 and September 7, 2010, Defendants Arnold and Lorthridge learned of Plaintiff's true statements to the Internal Affairs Division.

88.      Defendants Arnold and Lorthridge caused the son of Defendant Arnold to pressure Plaintiff on several occasions to provide false statements to the Internal Affairs Division.

89.     Defendants Arnold and Lorthridge caused Plaintiff to be battered on September 7, 2010, resulting in Plaintiff's hospitalization and resulting injuries, including a punctured lung, air around the heart, and multiple bruises, as well as severe emotional distress.

WHEREFORE Plaintiff prays for the Order of this Court awarding:

(a)     Compensatory damages as will fairly and accurately compensate Plaintiff for Plaintiff's damages;

(b)     Punitive damages in an amount that will fairly punish the Defendants for their conduct and deter future similar conduct;

(c)     Reasonable attorney's fees and costs; and

(d)     Such other relief as the Court may find just and proper.

## **FINDER OF FACT**

90.     Plaintiff demands a jury trial of all issues properly triable by jury.

Respectfully submitted,

JENSEN, BARTLETT & SCHELP, LLC

*s/Matthew P. Diehr*
JEFFREY B. JENSEN, #46745MO
MATTHEW. P. DIEHR, #61999MO
222 S. Central Ave, Suite 110
St. Louis, MO  63105
314-725-3939 Telephone
314-725-5595 Facsimile
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 18, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

> Dana C. Ceresia
> Denise LeAnne Thomas
> Attorney General of Missouri
> 815 Olive Street, Suite 200
> St. Louis, MO 63101
> *Attorneys for Defendant Lathan Isshawn-O'Quinn*
>
> Denise Garrison McElvein
> Dana W. Tucker
> Attorney General of Missouri
> P.O. Box 861
> St. Louis, MO 63188
> *Attorneys for Defendants St. Louis Metropolitan Police Department, Antoinette Filla,*
> *Bettye Battle-Turner, Daniel Isom, Francis G. Slay, Michael L. Gerdine, Reggie*
> *Harris, and Richard Gray*

The undersigned certifies that on April 18, 2011, a true and correct copy of the foregoing was sent via First Class U.S. Mail, postage prepaid, to:

Henrietta Arnold
721 Lookaway Court
St. Louis, MO 63137

The undersigned certifies that on April 18, 2011, the foregoing was prepared for service by process server pursuant to Rule 4 of the Federal Rules of Civil Procedure.

> Susie Lorthridge
> ███████████
> St. Louis, MO 63112

> s/Matthew P. Diehr
> MATTHEW P. DIEHR, #61999MO
> Attorney for Plaintiff