UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.L., a minor, by next friend RON LENDERMAN, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 4:10-CV-2163 (CEJ) ) |
| ST. LOUIS METROPOLITAN POLICE DEPARTMENT BOARD OF COMMISSIONERS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion for a protective order pursuant to Rule 26(c), Fed.R.Civ.P., filed by defendants the Board of Police Commissioners and its members. Plaintiff opposes the motion, and the issues are fully briefed.

Plaintiff S.L., a minor, alleges that her constitutional rights were violated by police officers of the St. Louis Metropolitan Police Department. In this action filed pursuant to 42 U.S.C. § 1983, she alleges that two St. Louis Metropolitan Police Department officers, defendants Henrietta Arnold and Susie Lorthridge, arrested her on false charges in St. Louis County and caused her to be jailed at the St. Louis Justice Center. She additionally alleges that Arnold and Lorthridge wrote a false incident report to justify the arrest and that defendant Lathan Isshawn-O'Quinn, also a St. Louis police officer, accepted the report knowing it was false. Some weeks after the arrest, plaintiff was interviewed by the department's Internal Affairs Division. According to the complaint, plaintiff was pressured to "change her story," and when did not comply, she was severely beaten by Arnold's son.

Plaintiff alleges that the defendant commissioners failed to properly supervise and discipline defendants Arnold, Lorthridge, and Isshawn-O'Quinn. She further

alleges that they were deliberately indifferent and willfully blind to unconstitutional "policies, customs, practices and usages" of the police department, which include unlawful arrests, lying in official reports, failing to investigate citizen complaints, and failing to prevent contact between officers under investigation and aggrieved parties. Finally, plaintiff alleges that defendant commissioners have improperly delegated the authority to supervise and discipline personnel to defendants Antoinette Filla and Reggie Harris without keeping the commissioners informed of improper conduct.

Plaintiff served requests for production and interrogatories on the defendants. The commissioners seek a protective order, asking to be relieved of the obligation to provide any responses. They also assert that they should not have to appear for depositions. In the alternative, they ask the Court to delay discovery until the Board completes its fact-finding in defendant Arnold's administrative action.[1]

### Discussion

Rule 26(b) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(c)(1)(A) authorizes a court, for good cause, to issue an order limiting discovery "to protect a party . . . from annoyance, embarrassment, oppression, or undue burden expense." The party moving for a protective order has the burden of demonstrating good cause for the order. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 926 (8th Cir. 1999); Infosint SA v. H. Lundbeck A.S., 2007 WL 1467784 (S.D.N.Y. May 16, 2007); Uniroyal Chem. Co. v. Syngenta Crop Prot., 224 F.R.D. 53, 56 (D. Conn. 2004). The movant "must make a specific demonstration of

---

[1]Defendant Arnold has been suspended without pay pending the outcome of an administrative procedure before the Board of Police Commissioners.

facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one." Frideres v. Schlitz, 150 F.R.D. 153, 156 (S.D. Iowa 1993). "[T]he moving party must demonstrate that 'disclosure will work a clearly defined and very serious injury.'" Uniroyal Chem Co., 224 F.R.D. at 56. Protective orders prohibiting depositions are rarely granted. Frideres, 150 F.R.D. at 156 (citing Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987). "It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979).

Defendants assert that "high-ranking government officials" are entitled to special protections in the discovery process. In United States v. Morgan, 313 U.S. 409, 422 (1941), the Supreme Court criticized a trial court order directing the Secretary of Agriculture to appear at deposition to answer questions regarding the method by which he determined rates. Comparing the secretary's task to a judicial proceeding, the court stated that a similar examination of a judge "would be destructive of judicial responsibility." Id. "Just as a judge cannot be subjected to such a scrutiny, so the integrity of the administrative process must be equally respected." Id. (internal citations omitted).

Following Roberts, courts have held that depositions of high-ranking officials are not allowed "absent extraordinary circumstances." Simplex Time Recorder Co. v. Secretary of Labor, 766 F.2d 575, 586 (D.C. Cir. 1985); see also *In re* United States (Holder), 197 F.3d 310, 313-14 (8th Cir. 1999) (attorney general and deputy not required to testify regarding refusal to withdraw death penalty referral); *In re* United States (Kessler), 985 F.2d 510, 512 (11th Cir. 1993) (FDA commissioner not required

to testify regarding prosecution decisions); Sweeney v. Bond, 669 F.2d 542, 546 (8th Cir. 1982) (governor not required to testify absent compelling need). The rule is based on the recognition that "[h]igh ranking government officials have greater duties and time constraints than other witnesses" and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation. Bogan v. City of Boston, 489 F.3d 417, 423 (1st Cir. 2007) (quoting Kessler, 985 F.2d at 512). "Allegations that a high government official acted improperly are insufficient to justify the subpoena of that official unless the party seeking discovery provides compelling evidence of improper behavior and can show that he is entitled to relief as a result." Holder, 197 F.3d at 314. A party seeking the deposition of a high-ranking official must establish that: (1) the deposition is necessary to obtain relevant information that cannot be obtained from any other source, and (2) that the deposition will not significantly interfere with the ability of the official to perform his or her governmental duties. Lederman v. Giuliani, 2002 WL 31357810, at *2 (S.D.N.Y. Oct. 17, 2002).

In order to be entitled to the protection they seek, defendant commissioners must first establish that they are "high-ranking officials." There is "no hard and fast rule" for this determination, which is made on a case-by-case basis. United States v. Sensient Colors, Inc., 649 F. Supp. 2d 309, 320-21 (D.N.J. 2009) (rejecting argument that Morgan should be confined to cabinet-level positions). Courts have applied Morgan to the Secretary of the Treasury, Murray v. United States Dep't of Treasury, 2010 WL 1980850 (E.D. Mich. May 18, 2010); the former EPA administrator and former EPA regional administrator, Sensient Colors, Inc., 649 F. Supp. 2d at 317-19; the president of a county Board of Supervisors, Kob v. County of Marin, 2009 WL

3706820 (N.D. Cal. Nov. 3, 2009) (described as being the equivalent of a mayor); mayors, Buono v. City of Newark, 249 F.R.D. 469 (D.N.J. 2008), and Bogan, 489 F.3d at 423; the former chair of the Consumer Product Safety Commission, United States v. Wal-Mart Stores, Inc., 2002 WL 562301 (D. Md. Mar. 29, 2002); and the deputy White House Counsel, Alexander v. FBI, 1999 WL 270022 (D.D.C. Apr. 21, 1999). Office holders who have not been found to be "high-ranking officials" include the chief of police, Detoy v. City and County of San Francisco, 196 F.R.D. 362, 369070 (N.D. Cal. 2000), and an assistant administrator with FEMA, Bolden v. Federal Emergency Management Agency, 2008 WL 145098, at *4 (E.D. La. Jan. 14, 2008) ("FEMA has provided no *evidence* to support its conclusory statements concerning [the administrator's] knowledge, responsibilities and status as a supposedly high ranking official.") (emphasis in original).

Plaintiff argues that the defendant commissioners simply are not comparable to the high-ranking officials described in the above paragraph. Defendants make no effort to refute this argument. They do not, for instance, state that answering interrogatories or appearing for deposition in this matter would be so time-consuming as to prevent them from fulfilling their administrative duties. And, at least one other court in this district has determined that the commissioners are not high-ranking officials within the meaning of Morgan. Duckworth v. St. Louis Metropolitan Police Dep't et al., No. 4:03-CV-1696 RWS, Order at p. 2 (E.D. Mo. Jan. 18, 2006) ("Board members are not full-time government officials, so they do not have greater duties and time constraints than other witnesses. And deposing Board members is not likely to undermine the administrative process.") Mere conclusory assertions that they are high-ranking officials, without more, are insufficient to establish good cause for the

issuance of the protective order the commissioners seek. See Bolden, 2008 WL 145098 at 4 (FEMA failed to establish that employee was a high-ranking official and thus did not establish good cause for issuance of protective order).

Defendants also claim that they are entitled to a protective order because defendant Arnold's administrative employment action is still pending. The defendant commissioners assert that they are the fact-finders in that administrative process and that their neutrality will be tainted by participating in discovery in this action.[2] They cite Jones v. City of Indianapolis, 216 F.R.D. 440 (S.D. Ind. 2003), for the proposition that they are protected by the "deliberative process privilege." The privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of the process by which governmental decisions and policies are formulated." Anderson v. Cornejo, 2001 WL 826878, at *1 (N.D. Ill. July 20, 2001) (internal quotations and citations omitted). To qualify for the deliberative process privilege, a communication must be both pre-decisional and deliberative. Id. The agency invoking the privilege has the initial burden of showing that it applies; the privilege is to be narrowly construed. Id. In Jones, the defendants invoked the privilege in response to specific categories of documents. They also presented the claim with sufficient detail to permit the court to complete a meaningful analysis. By contrast, defendants in this matter invoke the privilege in a conclusory manner in an effort to avoid all discovery. Their mere assertion that the privilege applies, without more, is not sufficient to meet their burden.

---

[2]Plaintiff points out that the attorneys for the commissioners were asked whether their settlement authority was curtailed by a conflict of interest arising from the pending administrative proceeding. They indicated they were unaware of any restriction on that authority. Plaintiff suggests that the commissioners thus have waived any right to assert the conflict now.

Defendants finally argue that, if they are required to appear for depositions, defendant Arnold will be able to question them regarding "the very issues the Board must decide concerning her employment," and that their ability to act as fact-finders in that proceeding will be tainted. This is a legitimate concern, but the Court does not believe that the burden of that problem should be borne by the plaintiff. Administrative proceedings can take years to conclude, and defendants have offered no assurance that they will expedite Arnold's proceedings.

Defendants also suggest that they should be allowed to designate one board member to respond to written discovery and one board member to sit for deposition. Four commissioners have been named as defendants and are alleged to be liable for their deliberate indifference and/or willful blindness with respect to unconstitutional "policies, customs, practices and usages" of the police department. While it may be possible for plaintiff to obtain complete discovery responses from a single board member, the Court is not presently inclined to impose this limitation.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for protective order [Doc. # 48] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of May, 2011.