```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | |
|---|---|
| S.L., a minor, by next friend ) | |
| RON LENDERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10-CV-2163 (CEJ) |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT BOARD OF ) | |
| COMMISSIONERS, et al. ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for a hearing and for an order deeming admitted the requests for admission directed to the defendant Board of Police Commissioners. Defendants have filed a response in opposition and the issues are fully briefed.

### I.   Background

On September 28, 2011, plaintiff served requests for admission pursuant to Rule 36, Fed.R.Civ.P. Defendants' responses were due 30 days later. Rule 36(a)(3). On October 28, 2011, with plaintiff's consent, defendants filed a motion for extension of time until November 7, 2011, to serve their responses. The extension was granted. Plaintiff received defendants' responses on November 9, 2011 and now asserts that the responses to requests Nos. 1 through 13, 18, and 19 are inadequate. Request No. 1 is representative:

> 1. Please admit that Lt. Susie Lorthridge's actions on July 3, 2010 that are the subject of this lawsuit arose out of and were taken in connection with her official duties on behalf of the state of Missouri.

<u>Response</u>:  Answering party lacks knowledge or information to admit or deny. The information cannot be readily obtained by members of the Board of Police Commissioners because of the due process rights of the personnel involved, and the Board cannot make any conclusion until the results of the administrative proceeding are presented to the Board.

II.     <u>Discussion</u>

This is not the first discovery dispute the parties have brought before the Court. In April 2011, the defendant Board of Police Commissioners filed a motion for protective order in which they invoked the "deliberative process" privilege and argued that they should be excused from responding to plaintiff's discovery requests because they serve as fact-finders in defendant Henrietta Arnold's administrative proceedings. The Court denied the motion, concluding that the defendants commissioners had not established that they were entitled to the privilege.  The Court also denied their request to stay discovery until the conclusion of the administrative process, noting that these proceedings often take years to conclude and that defendants offered no assurance that they will expedite them.

Plaintiff asserts that commissioners' responses to her requests for admission amount to a reassertion of the deliberative process privilege.  Defendants do not challenge plaintiff's motion on the merits and rely instead on a procedural gambit: Defendants state that "plaintiff's counsel failed to comply with the Local Rule 3.04(A) requiring a statement that movant's counsel has conferred in person or by telephone with opposing counsel in good faith."  The cited rule states in full:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith <u>or has made reasonable efforts to do so</u>, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord.  This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A) (emphasis added).

Plaintiff provides the following information: plaintiff's counsel received defendants' responses and called opposing counsel but was unable to reach her. On November 11, 2011, plaintiff's counsel sent a letter to defense counsel. The letter opens with the following statement: "Please allow this correspondence to serve as our good-faith attempt to resolve a discovery dispute . . ." After setting forth the substance of plaintiff's dispute with defendants' responses, the letter concludes: "Please note that we plan to file a motion [to compel] on November 14, 2011 in the event complete responses are not received by then." The letter was sent through the U.S. Postal Service. In addition, the letter was emailed to defense counsel on November 11, 2011 at 8:33 a.m. There is no indication that defense counsel made any attempt to respond to plaintiff's counsel between the time the email was sent and November 15, 2011 at 1:45 p.m. when plaintiff's motion was filed. Plaintiff's counsel made "reasonable efforts" to confer with opposing counsel before filing the discovery motion and thus has complied with the requirements of Local Rule 3.04(A). Her motion thus is properly before the Court.

Rule 36(a)(4) states:

*Answer*. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. . . The answering party may assert a lack of knowledge or information as a reason for failing to admit or deny <u>only if the party states that it has made a reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.</u>

(emphasis added). Defendants' answers fail to state that they have made a reasonable inquiry; furthermore, the Court is hard-pressed to believe that a reasonable inquiry would fail to disclose information responsive to plaintiff's requests.

Rule 36(a)(6) provides that, "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."  Under the circumstances outlined above, the Court sees no basis for believing that amended answers would prove to be adequate and so the Court will order plaintiff's requests Nos. 1 through 13, 18, and 19 admitted.  The Court will also require defendants to pay the reasonable expenses incurred by plaintiff in bringing the motion.  Rule 36(a)(6); Rule 37(a)(5).  Plaintiff's additional request for expenses incurred in opposing the motion for protective order will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for requests for admission to be deemed admitted [Doc. #82] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's requests for admission Nos. 1 through 13, 18, and 19 directed to defendant St. Louis Board of Police Commissioners are deemed **admitted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **January 9, 2012** to submit a verified statement of expenses incurred in bringing the motion.  The defendants shall have ten (10) days to file a response.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2011.