**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MINOR S.L. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| By her next friend, | ) | |
| | ) | |
| RON LENDERMAN | ) | |
| | ) | |
| v. | ) | Case No. 4:10-cv-02163 CEJ |
| | ) | |
| ST. LOUIS METROPOLITAN POLICE | ) | |
| DEPARTMENT BOARD OF POLICE | ) | |
| COMMISSIONERS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL

COMES NOW Plaintiff Minor S.L., by and through the undersigned counsel, and for her Reply in Support of her Motion to Compel or, in the Alternative, to Reopen Discovery to Allow Service of Single Additional Request for Production of Documents, states as follows:

1.      The parties are engaged in a discovery dispute as to the discoverability of documents related to an internal affairs investigation that may have been conducted or may be ongoing by the Saint Louis Metropolitan Police Department as to Col. Reggie Harris.

2.      Defendants in this case contend this Court's case management order excuses their production of information imperative to Plaintiff's cause of action, in this instance Col. Harris' IAD file.  Defendants argue Plaintiff's motion is untimely and thus must be denied.

3.      Plaintiff was diligent in seeking and obtaining discovery in this matter, and the need for an IAD file related to Col. Harris, who was at the time the Inspector of Police in charge of IAD, was not reasonably foreseeable.  Plaintiff reiterates that she believes the requests for

SLC-7165251-1

production seeking "full and complete records regarding disciplinary actions taken against any defendant" and also seeking Col. Harris' personnel file require the production of any IAD investigation of Col. Harris.  Doc. 179-1.  Defendants maintain IAD files are not "disciplinary actions" in and of themselves.  Plaintiff notes her request was broader than Defendants state, seeking all documents "regarding disciplinary actions."

4.      Rule 26(e) imposes the burden upon a disclosing / responding party to supplement or correct an incomplete or incorrect response to a request for production of documents in a timely manner, or when ordered to do so by the Court.  Fed. R. Civ. P. 26(e)(1)(A), (B).  Plaintiff has asked Defendants to supplement by providing Col. Harris' IAD file, and did so as soon as it came to the undersigned counsel's attention there may be such an investigation ongoing.  Defendants' attempt to hide behind the discovery order in this case is without merit where the burden to supplement incorrect or incomplete discovery responses lies solely with Defendants.

5.      Finally, Defendants argue Plaintiff's alternative request to reopen discovery to serve a single additional request for production of document is "not limited in time or scope to the issues in the case" because the case against Col. Harris is ostensibly based only upon his conspiracy with Lt. Arnold to keep her abreast of her own IAD investigation.  As previously stated, counsel believes the IAD investigation into Col. Harris may be related to his demonstrating favoritism toward African-American officers.  Information from this investigation is, therefore, highly relevant to Col. Harris' bias and motivation to conspire with Lt. Arnold relative to her violation of the constitutional rights of Plaintiff.  Moreover, Defendants simply ignore the standard for reopening discovery. *Childers v. Slater*, 197 F.R.D. 185, 187 (D. D.C. 2000).

SLC-7165251-1

WHEREFORE, Plaintiff requests this Court grant her motion to compel discovery or, in the alternative, reopen discovery to allow service of a single additional request for production of documents related to the Internal Affairs Investigation of Col. Reggie Harris.

Respectfully Submitted,


HUSCH BLACKWELL LLP

By:    s/*Jeffrey B. Jensen*
JEFFREY B. JENSEN, #46745MO
MATTHEW P. DIEHR, #61999MO
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
(314) 480-1500
(314) 480-1505 Fax
Jeffrey.Jensen@huschblackwell.com
Matthew.Diehr@huschblackwell.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2014, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

I further certify that on February 27, 2014, the foregoing was served by U.S. Mail, postage prepaid, to the following:

Henrietta Arnold
721 Lookaway Court
St. Louis, MO  63137

*s/Jeffrey B. Jensen*
**Attorney for Plaintiff**

3

SLC-7165251-1