UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| S.L., a minor, by next friend RON LENDERMAN,<br><br>    Plaintiff,<br><br>  vs.<br><br>ST. LOUIS METROPOLITAN POLICE DEPARTMENT BOARD OF COMMISSIONERS, et al.,<br><br>    Defendants. | Case No. 4:10-CV-2163 (CEJ) |

## ORDER

This matter is before the Court on plaintiff's motion to compel or, in the alternative, to reopen discovery to allow service of one document request. Defendants have filed a response in opposition and the issues are fully briefed.

After discovery closed, plaintiff learned that the Internal Affairs Division (IAD) of the St. Louis Metropolitan Police Department was conducting an investigation of defendant Reggie Harris. Although plaintiff requested the production of Harris's personnel file and documents pertaining to any disciplinary action against him, plaintiff did not specifically request the IAD file. Plaintiff asserts that the IAD file falls within the scope of her discovery requests. Additionally, she asserts that the IAD file may contain evidence of Harris's racial bias and motivation to conspire with defendant Henrietta Arnold to violate plaintiff's constitutional rights. Plaintiff asks the Court to direct defendants to produce the IAD file under Fed.R.Civ.P. 26(e) (parties have obligation to supplement incomplete or incorrect disclosure). Alternatively, she asks the Court to re-open discovery to permit her to specifically request production of the IAD file.

Defendants assert that the IAD file is neither a personnel record nor a disciplinary action and, therefore, it is not encompassed by plaintiff's document

requests. Defendants argue that plaintiff should have specified the IAD file in her requests. However, plaintiff did not learn of the IAD investigation until after the close of discovery. Plaintiff should not be penalized for failing to ask for documents she did not know existed. Defendants do not adequately support their objection to plaintiff's proposed request for the IAD file on the grounds that it is unlimited in time and scope. There is no information or evidence indicating that production of the file would be unduly burdensome. Finally, given the amount of time that remains before trial, the defendants will not be prejudiced by allowing plaintiff to reopen discovery for the limited purpose of obtaining the IAD file.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel [Doc. #179] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall have until **March 15, 2014**, to serve on defendants the request for production attached as an exhibit to her motion [Doc. #179-2].

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2014.