UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

S. L., et al.,                          )
                                        )
              Plaintiff,                )
                                        )
v.                                      )      Case No. 4:10-CV-2163 CEJ
                                        )
ST. LOUIS METROPOLITAN                  )
POLICE DEPARTMENT BOARD OF              )
POLICE COMMISSIONERS, et al.,           )
                                        )
              Defendants.               )

## FIFTH PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED THAT:**

1.      As used in this Order, **CONFIDENTIAL MATERIAL** shall mean and refer to the following:

Documents from Internal Affairs Division (IAD) related specifically to its investigation of Lt. Col. Reggie Harris produced by defendant Board in response to plaintiff's single additional request for production of documents. (Doc. #179).

2.      Due to the fact that this matter involves an ongoing investigation, all **CONFIDENTIAL MATERIAL** shall be retained only in the custody of the respective counsel of record, who shall be responsible for restricting disclosure in accordance with provisions of this Order. Specifically, counsel of

record shall retain all **CONFIDENTIAL MATERIAL** within the confines of their personal offices except as is necessary to conduct the present litigation.

3.    All **CONFIDENTIAL MATERIAL** and the facts and information in the **CONFIDENTIAL MATERIAL** shall not be disclosed to any person except as specifically provided for below.

4.    All **CONFIDENTIAL MATERIAL** shall be designated as **CONFIDENTIAL MATERIAL** by marking the words "**CONFIDENTIAL MATERIAL**" or some similar phrase on the face of the documents.

5.    Access to **CONFIDENTIAL MATERIAL** shall be limited to plaintiff, defendants, counsel of record for the respective parties to this action and regular employees and law clerks of said counsel who are assisting in the prosecution of this litigation, expert witnesses identified by counsel, consulting experts, and appropriate court personnel in the regular course of litigation.

6.    Disclosure of the **CONFIDENTIAL MATERIAL** to the plaintiff, defendants, and/or to any other persons other than counsel of record in accordance with the terms of this Protective Order must be accompanied by a copy of this Protective Order, and counsel must inform said person(s) of the terms of this Protective Order, and said person(s) agrees to be bound by its terms.

7.    If it becomes necessary to submit **CONFIDENTIAL MATERIAL** to the Court in connection with any filings or proceedings in this litigation,

the party using it shall move the Court to file such **CONFIDENTIAL MATERIAL**  under seal with the Clerk of the Court.

8. Nothing in this Order shall be construed to restrict the use or disclosure of any documents which a party or non-party shall have acquired from independent sources.

9. Upon final conclusion of this litigation, counsel to whom **CONFIDENTIAL MATERIAL** has been disclosed shall return such **CONFIDENTIAL MATERIAL** (and all copies thereof and all other papers containing such **CONFIDENTIAL MATERIAL** to the part who produced it, or take measures to destroy copies of said **CONFIDENTIAL MATERIAL**.

10. This Order may be modified or amended by agreement of the parties or upon further Order of the Court.

Dated this 16th day of April, 2014.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE